Argued and submitted December 13, 1991, affirmed April 1, reconsideration denied August 5, petition for review denied October 27, 1992 (314 Or 574)

# STATE OF OREGON,
*Respondent,*

*v.*

# HENDRICK ADRIAN VAN WALCHREN,
*Appellant.*

## (89-787; CA A66682)

828 P2d 1044

Clint A. Lonergan, Portland, argued the cause for appellant. With him on the brief was Richard L. Lonergan, Portland.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals his convictions for assault in the fourth degree and for failure to perform the duties of a driver to injured persons. ORS 163.160; ORS 811.705. We affirm.

We state the facts in the light most favorable to the state. *State v. King*, 307 Or 332, 768 P2d 391 (1989). Defendant was involved in a two-car accident that injured the persons in the other car. He had been drinking and was driving home by a familiar route when he rear-ended the victims' car at a four-way stop intersection. Witnesses testified that defendant was travelling as fast as 40 miles per hour when he collided with the other car and that the impact pushed that car across the intersection. The hood of defendant's car popped open during the impact, and he jumped out of his car long enough to close it and then left the scene of the accident "as quickly as he could." He did not contact the victims.

Two witnesses followed defendant and found him at a campground. They told him that he should return to the scene of the accident. He told them that he would return. Instead, he took a circuitous route, parked his car and began walking. When he did not arrive at the scene of the accident, the witnesses returned to the campground and found that he was gone. They began searching for him and discovered his car parked on another street in the area. They noticed that it had a different rear license plate than it had earlier. Sometime later, a police officer found defendant walking and told him that he was looking for a suspect in a hit-and-run accident. Defendant said he had not been driving and had not hit a car. However, when informed that witnesses were coming to identify him, defendant said that the other vehicle had "stopped in front of me and what was I going to do?"

Defendant was arrested and charged with two counts of assault in the fourth degree, one count of failure to perform the duties of a driver to injured persons and one count of driving under the influence of intoxicants. The jury convicted him on the first three counts but found him not guilty of DUII.

In his first assignment of error, defendant claims that the trial court erred in failing to grant his motion for a

judgment of acquittal and in failing to grant his motion for a new trial based on failure of proof on the assault counts. He argues that the jury could not have found him guilty of assault, because it found him not guilty of DUII and there is insufficient other evidence to prove that he was driving recklessly.

A person commits assault in the fourth degree if the person "[i]ntentionally, knowingly or recklessly causes physical injury to another[.]" ORS 163.160(1)(a). "Recklessly" means

"that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(9).

■ In ruling on the sufficiency of the evidence in a criminal case, we view the evidence in the light most favorable to the state to determine if a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *State v. King, supra,* 307 Or at 339. The evidence in this case was in conflict. However,

"[i]t is not proper for us to hold that there is a reasonable doubt because of conflicts in the evidence. After a verdict of guilty, such conflicts must be treated as if they had been decided in the state's favor. After the conflicts have been so decided, we must take such decided facts together with those facts about which there is no conflict and determine whether the inferences that may be drawn from them are sufficient to allow the jury to find defendant's guilt beyond a reasonable doubt. Our decision is not whether we believe defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for a jury so to find." 307 Or at 339.

■ Although defendant contends that the "only evidence in the case [was] that defendant [was] driving in a normal manner, at a normal speed, on a straight major roadway," that is *not* the only evidence. The accident happened at 10 p.m. Although the jury did not find defendant *legally* intoxicated, he admitted drinking 3 ounces of straight vodka between 9 p.m. and 9:30 p.m. It had been raining, and the streets were wet. Defendant was driving without lights. He was driving a familiar route, from which the jury could

infer that he knew the risks along the route, including the four-way stop intersection where the accident happened. There was evidence that he was travelling as fast as 40 miles per hour *at the time of the collision*, and the jury could infer that he had not slowed down for the intersection and that, if he had not rear-ended the victims' car at the stop sign, he would have entered the intersection without stopping. After colliding with the victims' car, he left the scene of the accident hurriedly and without contacting them. We conclude that a rational jury could have found that defendant was driving recklessly. The trial court did not err in failing to grant the motion for a judgment of acquittal or the motion for a new trial based on insufficient evidence.

■      In his second assignment of error, defendant claims that the trial court erred in giving the state's requested jury instruction on failure to perform the duties of a driver to injured persons,[1] in failing to give his requested instructions[2] and in failing to grant his motion for a new trial based on the jury instructions. He also claims that the indictment failed to state a crime, because it did not state the proper culpable

---

[1] The jury instruction given by the court, in part, provided:

"Under Oregon law a person commits the crime of Failure to Perform the Duties of a Driver to Injured Persons if the person is a driver of any vehicle involved in an accident that results in injury to any person and *knowingly* does not do any of the following: * * *." (Emphasis supplied.)

[2] In part, defendant's requested jury instruction 1 on failure to perform duties of a driver states:

"A defendant commits the offense of failure to perform the duties of a driver to injured persons if the defendant knows he is involved in an accident likely to result in injury or death and then *intentionally* fails to remain at the scene, and *intentionally* fails to give the other driver, passenger or other person injured as a result of the accident the name and address of the defendant and the registration number of the vehicle that the defendant is driving and the name and address of any other occupants of the vehicle." (Emphasis supplied.)

Defendant's requested jury instruction 3 reads:

"The crime of failure to perform the duties of a driver requires proof of criminal intent as in the case with most criminal statutes.

"The defendant has introduced evidence that he believed the other driver was leaving the scene of the accident and thus there would be no one for the defendant to exchange information with nor to give assistance to. If the defendant believed the other driver was leaving the scene, then he would lack the criminal intent necessary to commit the crime.

"This decision is, of course, yours. Remember, however, the burden is upon the State to prove each element of the crime, including criminal intent."

mental state for failure to perform the duties of a driver.[3] In a nutshell, defendant contends that he can be found guilty of failing to perform the duties of a driver only if he had intentionally failed to act. He claims that he thought that the other car was leaving the scene of the accident and, therefore, that, although he knew he was in an accident and knowingly failed to perform the duties of a driver, he did not fail to do so intentionally.

ORS 811.705(1) requires drivers who are involved in accidents to stop immediately, exchange information and render reasonable assistance to injured persons. Although the state must prove that the defendant knew that he was involved in an accident that was likely to have resulted in injury or death to another person, *State v. Corpuz*, 49 Or App 811, 820, 621 P2d 604 (1980), no particular culpable mental state in failing to perform the duties of a driver has been required by statute or case law.

In *State v. Monroe*, 101 Or App 379, 790 P2d 1188 (1990), we discussed the culpable mental state required under ORS 811.700(1)(a), proscribing failure to perform the duties of a driver when property is damaged. We said:

"ORS 811.700(1)(a) does not show a legislative intent to dispense with a culpable mental state, ORS 161.105(1), so the appropriate mental state is described in ORS 161.115(2):

" 'Except as provided in ORS 161.105, if a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence.' " 101 Or App at 384.

The same analysis applies under ORS 811.705(1). If a person knows that he has been in an accident, culpability for failure to perform the duties of a driver is established if the person acts intentionally, knowingly, recklessly or with criminal negligence. ORS 161.105(1); ORS 161.115(2).

■ A trial court may properly refuse a requested instruction, unless it should be given in the very terms requested. *State v. Francis*, 284 Or 621, 626, 588 P2d 611 (1978). Defendant's instruction was worded in terms of "intent."

---

[3] The indictment alleged that defendant "did unlawfully and knowingly fail to remain at the scene of the accident."

Intent is not required for culpability under ORS 811.705. Further, "intent" and "knowledge" are distinct concepts under the criminal code, and an instruction worded in terms of "intent" should not be given in a prosecution for a crime when the indictment alleges "knowledge." *State v. Francis*, *supra*, 284 Or at 626.

Affirmed.