Submitted October 26, 2009, affirmed April 28, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PAUL DAVID HAMLETT, III,
*Defendant-Appellant.*

Jackson County Circuit Court
073471FE; A138809

230 P3d 92

Peter Gartlan, Chief Defender, Appellate Division, and Stephanie Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant was convicted, after a trial to the court on stipulated facts, of failure to perform the duties of a driver toward injured persons. ORS 811.705. On appeal, defendant asserts that the trial court erred in its pretrial ruling that the state was not required to prove that defendant knew that a person was injured in an accident from which he left the scene. We affirm.

Defendant, while driving his car, turned left in front of an approaching motorcycle. Defendant struck the side of the motorcycle, hitting the driver's foot. The driver was able to maintain her balance and did not fall or lose control of the motorcycle. Defendant completed his turn and drove off. Witnesses to the accident saw the saddle bag of the motorcycle fly into the air, and one witness reported the license number of defendant's car. Police located defendant, who initially denied that he was involved in an accident. Defendant then admitted that he had struck a motorcycle, explaining that he drove off because he knew the accident was his fault and that he did not want to get a citation. Defendant claimed that he did not know that the driver of the motorcycle was injured. However, the driver suffered an injury to her foot, causing her to walk with a limp.

Defendant was charged with violating ORS 811.705. The indictment alleged, in part:

"The defendant, on or about July 28, 2007, in Jackson County, Oregon, being the driver of a vehicle being operated on the highway, which vehicle was involved in an accident that resulted in physical injury to [the victim], did unlawfully and knowingly fail to immediately stop the vehicle at the scene of the accident or as close thereto as possible and remain at the scene."

Before trial, defendant sought a jury instruction to the effect that, in order to convict him, the state was required to prove that defendant knew that the victim was injured in the accident. The trial court rejected the instruction, whereupon defendant waived jury, was tried to the court on stipulated facts, and was convicted. Defendant now appeals, assigning error to the trial court's pretrial ruling, reiterating the arguments that he made before the trial court.

■ ORS 811.705(1) provides:

"A person commits the offense of failure to perform the duties of a driver to injured persons if the person is the driver of any vehicle involved in an accident that results in injury or death to any person and does not do all of the following:

"(a) Immediately stop the vehicle at the scene of the accident or as close thereto as possible. Every stop required under this paragraph shall be made without obstructing traffic more than is necessary.

"(b) Remain at the scene of the accident until the driver has fulfilled all of the requirements under this subsection.

"(c) Give to the other driver or surviving passenger or any person not a passenger who is injured as a result of the accident the name and address of the driver and the registration number of the vehicle that the driver is driving and the name and address of any other occupants of the vehicle.

"(d) Upon request and if available, exhibit and give to the persons injured or to the occupant of or person attending any vehicle damaged the number of any document issued as official evidence of a grant of driving privileges.

"(e) Render to any person injured in the accident reasonable assistance, including the conveying or the making of arrangements for the conveying of such person to a physician, surgeon or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such conveying is requested by any injured person.

"(f) Remain at the scene of an accident until a police officer has arrived and has received the required information, if all persons required to be given information under paragraph (c) of this subsection are killed in the accident or are unconscious or otherwise incapable of receiving the information. The requirement of this paragraph to remain at the scene of an accident until a police officer arrives does not apply to a driver who needs immediate medical care, who needs to leave the scene in order to secure medical care for another person injured in the accident or who needs to leave the scene in order to report the accident to the authorities, so long as the driver who leaves takes reasonable

steps to return to the scene or to contact the nearest police agency."

Defendant acknowledges that, in *State v. Burns*, 213 Or App 38, 43, 159 P3d 1208 (2007), *rev dismissed*, 345 Or 302 (2008), we reaffirmed previous decisions of this court holding that, in order to convict a defendant of violating ORS 811.705, the state need not establish that the defendant knew that a person was injured in the accident but, instead, must establish that the accident was "likely to have resulted" in injury. However, defendant argues that, in *Burns*, we failed to appreciate the portion of our decision in *State v. Hval*, 174 Or App 164, 171, 25 P3d 958, *rev den*, 332 Or 559 (2001), where we stated that "personal injury alone does not give rise to any duties under ORS 811.705; rather, a defendant must be shown to have knowledge of an injury." According to defendant, in *Burns*, we did not come to grips with our construction of the statute in *Hval* but, instead, applied a "liberal construction" of the statute because the defendant in *Burns* challenged the indictment after verdict rather than before trial. Defendant also asserts that, in this case, the indictment alleged that he knew that a person was injured in the accident and that, as a consequence, the state was required to prove such knowledge.

In *Burns*, the defendant argued that the indictment was inadequate because it did not allege that he knew that there were injuries resulting from the accident, or even that he knew such injuries were likely. We noted:

> "Although the statute itself does not specify any particular mental state, we have held that the state must establish that the defendant acted knowing that he had been in an accident that was 'likely to have resulted in injury or death.' *State v. Van Walchren*, 112 Or App 240, 245, 828 P2d 1044, *rev den*, 314 Or 574 (1992); *see also State v. Hval*, 174 Or App 164, 171, 25 P3d 958 (2001) (citing *Van Walchren* for the proposition that state must prove defendant acted knowing that accident resulted in injury)."

*Burns*, 213 Or App at 43-44. Although the indictment in *Burns* alleged that the defendant had left the scene "unlawfully and knowingly," it did not allege any mental state with respect to the element that there was an accident resulting in

injuries. *Id.* at 41. Reviewing the case on appeal from the denial of a motion in arrest of judgment—and thus with a less exacting standard—we rejected the defendant's argument. We applied the general rule regarding the sufficiency of indictments:

> "The indictment in this case alleged that defendant 'was involved in an accident that resulted in physical injury * * * and did unlawfully and knowingly fail to remain at the scene of the accident.' That allegation tracks the language of the statute and the case law construing it. It is not so inscrutable as to wholly fail to state an offense. To the contrary, the wording is more than adequate to 'enable a person of common understanding to know what is intended.' [*State v.*] *Wimber*, 315 Or [103,] 109[, 843 P2d 424 (1992)]. We conclude that the trial court did not err in denying defendant's motion in arrest of judgment."

*Burns*, 213 Or App at 44. In short, although in *Burns* we noted in passing the tension between our decisions in *Van Walchren* and *Hval*, we nonetheless followed the construction used in *Van Walchren* and, at least in the context of a post-verdict challenge to an indictment, concluded that the state was required to prove only that the defendant knew that it was likely that a person was injured in the accident.

In *State v. Rutley*, 343 Or 368, 171 P3d 361 (2007), which was decided several months after *Burns*, the Supreme Court clarified the analysis concerning whether a culpable mental state attaches to a particular element of a crime. That analysis commences with an inquiry as to whether the statute in question defines an offense within or outside the Oregon Criminal Code. For statutes within the criminal code, the determination of the elements to which a culpable mental state attaches is governed by ORS 161.095(2) and ORS 161.115(1). For statutes defining offenses outside the criminal code, ORS 161.105(1)(b) divides such statutes into two subcategories: those statutes that by their language indicate a legislative intent to dispense with any culpable mental state for the offense or for any material element of the offense, and those statutes that contain no such indication. If a statute outside the criminal code does not demonstrate a legislative intent to dispense with a culpable mental state regarding a particular element, then the inquiry is governed

by ORS 161.095(2) and ORS 161.115(1) in the same manner as if the statute were within the criminal code. *See State v. Jones*, 223 Or App 611, 617-18, 196 P3d 97 (2008), *rev den*, 345 Or 618 (2009) (explaining the above analysis). We now apply that analysis to the construction of ORS 811.705 to resolve the issue in this case.

ORS 811.705 is outside the criminal code. Accordingly, we first consider whether the statute demonstrates a legislative intent to dispense with any culpable mental state. The statute is silent as to whether a culpable mental state applies to any element of the offense. However, statutory silence alone is not a sufficiently clear indication of legislative intent to dispense with a culpable mental state, and we determine the legislature's intent by examining the offense or element of the offense and a variety of indicators of legislative intent to determine whether the legislature would have had an obvious reason or reasons to omit a culpable mental state. *Rutley*, 343 Or at 375-76. Here, the provisions of ORS 811.705(1) are plainly intended to ensure aid to injured persons at the scene of an accident, preserve evidence pertaining to injury-producing accidents, and facilitate communication in the exchange of information concerning claims made following such an accident. Although the purpose of protecting injured persons is readily apparent from the statutory text, it would be illogical to assign to a driver any of the duties pertaining to injuries set out in the statute unless the driver was aware of a risk that a person had been injured in the accident. So, for example, even if a driver stopped at the scene of an accident, an ordinary driver would not appreciate the need to undertake the obligation in subsection (1)(e) to render aid to a person injured in the accident unless the driver was at least aware of a risk that someone had been injured in the accident. Accordingly, there is a logical nexus between the evident purposes of the statute and, at a minimum, an awareness of a risk that a person was injured in the accident. It follows that the statute does not demonstrate a legislative intent to dispense with a culpable mental state.

We turn, then, to the effect of ORS 161.095(2) and ORS 161.115(1) on the analysis. ORS 161.095(2) provides that, "[e]xcept as provided in ORS 161.105, a person is not guilty of an offense unless the person acts with a culpable

mental state with respect to each material element of the offense that necessarily requires a culpable mental state." ORS 161.105(1) provides, in part:

"Notwithstanding ORS 161.095, a culpable mental state is not required if:

"* * * * *

"(b) An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof."

In turn, ORS 161.115(2) provides that, "[e]xcept as provided in ORS 161.105, if a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence.' "

Because ORS 811.705 does not prescribe a culpable mental state, nor does it dispense with one, ORS 161.095(2) and ORS 161.115(2) are the controlling statutes. As previously discussed, it is illogical, in light of the evident legislative purposes underlying ORS 811.705, to conclude that the legislature did not intend to require a defendant to have some culpable mental state with respect to whether a person was injured in the accident. The question reduces to what mental state is required. In *State v. Monroe*, 101 Or App 379, 790 P2d 1188 (1990), we discussed the culpable mental state required under ORS 811.700(1)(a), proscribing failure to perform the duties of a driver when property is damaged. We stated:

"ORS 811.700(1)(a) does not show a legislative intent to dispense with a culpable mental state, ORS 161.105(1), so the appropriate mental state is described in ORS 161.115(2):

" 'Except as provided in ORS 161.105, if a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence."

*Monroe*, 101 Or App at 384.

In *Van Walchren*, we concluded that "[t]he same analysis applies under ORS 811.705(1). If a person knows

that he has been in an accident, culpability for failure to perform the duties of a driver is established if the person acts intentionally, knowingly, recklessly or with criminal negligence. ORS 161.105(1); ORS 161.115(2)." *Val Walchren*, 112 Or App at 245. The quoted portion of our decision in *Van Walchren* is consistent with the methodology prescribed in *Rutley*. Thus, it was sufficient for the state to prove that defendant acted with criminal negligence with respect to whether a person was injured in the accident. "Criminal negligence" is defined as follows:

> " 'Criminal negligence' or 'criminally negligent,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person fails to *be aware of a substantial and unjustifiable risk* that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

ORS 161.085(10) (emphasis added).

Defendant does not assert that the evidence was insufficient to show that he acted, at a minimum, with criminal negligence with respect to whether the driver of the motorcycle was injured. Accordingly, we do not address that issue. Suffice it to say that the state was not required to prove that defendant knew that another person was injured in the accident. Our contrary *dictum* in *Hval* was incorrect, and we disavow it. Likewise, we disavow our suggestion in *Van Walchren* that the defendant must "know" that the accident was "likely to have resulted in injury or death."

The question remains whether, by alleging in the indictment that defendant "knowingly fail[ed] to immediately stop" his vehicle at the scene of the accident, the state nonetheless undertook the burden of proving that defendant knew that the driver of the motorcycle was injured. We do not construe the indictment to so allege. As discussed, the indictment here alleged that

"[t]he defendant, on or about July 28, 2007, in Jackson County, Oregon, being the driver of a vehicle being operated on the highway, which vehicle was involved in an accident that resulted in physical injury to [the victim], did unlawfully and knowingly fail to immediately stop the vehicle at the scene of the accident or as close thereto as possible and remain at the scene."

As a grammatical matter, the allegation that defendant acted knowingly is attached only to the allegation that defendant failed to stop the vehicle at the scene of the accident. Irrespective of whether the state was required under ORS 161.115(2) to prove that defendant acted knowingly with respect to any other element of the charged offense, we do not interpret the indictment to impose an elevated burden of proof with respect to an element as to which such a burden is not unambiguously pleaded. *See Rutley*, 343 Or at 378 (declining to impose an elevated burden of proof as to an element with respect to which the indictment failed to unambiguously plead such a burden).

Affirmed.