Submitted June 4, 2010, affirmed March 9, 2011

In the Matter of
the Suspension of the Driving Privileges of
RACHEL MARIE HAZEN,
*Petitioner,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES DIVISION (DMV),
a division of the Department of Transportation,
*Respondent.*

Driver and Motor Vehicle Services Division
144324; A142425

250 P3d 962

Rachel Marie Hazen filed the briefs *pro se.*

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Nakamoto, Judge.*

NAKAMOTO, J.

* Nakamoto, J., *vice* Landau, J. pro tempore.

## NAKAMOTO, J.

Petitioner appeals her suspension of driving privileges for failure to file an accident report following an auto accident that resulted in an injury. ORS 809.417(1); ORS 811.720; ORS 811.725. She assigns error to the administrative law judge's (ALJ) final order, in which the ALJ found that the accident resulted in a personal injury and concluded that petitioner was responsible for failing to file an accident report, even if she was unaware that an injury had occurred.[1]

We review an administrative order following a contested case hearing for errors of law and for whether substantial evidence in the record supports the agency's findings of fact. ORS 183.482(8). For the reasons stated below, we affirm.

Petitioner was involved in a three-car traffic accident on a public road in September 2008. All three cars sustained very minor damages, none of which exceeded $1,500. At the accident scene, no one appeared injured, and no one indicated that he or she was injured in any way. An officer came to the scene and told petitioner that "everybody seems to be fine so just switch insurance information and get going 'cause it's traffic time and we don't want to block traffic." Petitioner did not file an accident report with the Driver and Motor Vehicle Services Division (DMV).

Subsequently, DMV notified petitioner that her license would be suspended for failure to file an accident report. At petitioner's license suspension hearing in 2009, another driver testified that she was injured in the accident and that, although she was immediately aware of her injuries, she had not informed anyone of her injuries at the scene of the accident, her injuries were not observable to others, and, further, that she had denied she was injured when directly asked by the officer. The day after the accident, though, the injured driver had started treatments with a chiropractic physician, and she filed an Oregon Traffic Accident and Insurance Report with DMV, reporting her injuries. Petitioner testified without contradiction that, because there

---

[1] Petitioner's second assignment of error is moot, and we do not address it.

was far less than $1,500 worth of damage to any car and she was unaware that anyone had been injured, she did not complete and submit an accident report.

The agency found that petitioner had failed to file an accident report within 72 hours of an accident that resulted in an injury, and concluded that the agency is "required to suspend [p]etitioner's driving privileges, even if [p]etitioner was unaware that the accident resulted in injury." Pursuant to ORS 809.417(1)(b), a suspension for failure to file an accident report continues until the driver "files the required report or for five years from the date of suspension, whichever is sooner." Petitioner has not filed an accident report since her license was suspended.

On appeal, petitioner asserts that she reasonably was unaware that an injury had occurred and therefore was not in 2008 and is not now required to complete and submit an accident report. The agency responds that, under ORS 811.725, petitioner has an unqualified duty to file an accident report when an injury occurs, whether she is aware of that injury or not, and that substantial evidence in the record supported its finding that a person was injured in the accident.

We agree with DMV that substantial evidence supports the finding that a person was injured in the accident. Therefore, our query narrows to whether the agency correctly concluded, as a matter of law, that petitioner was required to file an accident report, although she did not know that a person had been injured in the accident until well past the 72 hours statutorily mandated for a timely report. Petitioner's argument, grounded on the unfair practical effect that the statute had on her, is that the legislature did not intend to penalize a driver who lacks timely knowledge of the factual basis giving rise to the reporting requirement. The statutes that define the reporting violation and that omit any need for proof of a culpable mental state for a violation, though, contradict that argument and control our decision.

Petitioner's license was suspended under ORS 809.417(1)(a), which provides that "[t]he Department of Transportation shall suspend the driving privileges of a person who fails to file an accident report required under ORS 811.725." And under ORS 811.725(1)(a), a driver commits a

Class B traffic violation if the driver fails to file a timely accident report for "any accident * * * resulting in injury" to any person.[2] *See* ORS 811.725(5). Nothing in the language of ORS 811.725(1) and ORS 809.417(1)(a) indicates that the legislature intended to limit the reporting requirement and the suspension penalty to circumstances where the driver was or should have been aware of an injury or other facts triggering the reporting requirement.

Further, ORS 161.105(1) provides that "a culpable mental state is not required" for an offense defined outside the criminal code that "constitutes a violation, unless a culpable mental state is expressly included in the definition of the offense." In contrast, for any offense punishable by a term of imprisonment, the state typically must establish a culpable mental state for each material element of the offense that necessarily requires one unless the statute defining the offense provides otherwise. ORS 161.095(2); *see also* ORS 161.115(2) (proof of culpable mental state required except as provided in ORS 161.105). Thus, we recently held that, to establish the offense of failure to perform the duties of a driver to injured persons in an accident, a Class B or Class C felony depending on the nature of the injury as specified in ORS 811.705, the state was required to prove the driver's mental state—at a minimum, criminal negligence. *State v. Hamlett*, 235 Or App 72, 80, 230 P3d 92 (2010).

Applying ORS 161.105(1) in this case, it is apparent that no culpable mental state is required to prove a violation of the accident reporting requirement in ORS 811.725(1). The legislature designated the failure to make a required accident report as a "Class B traffic violation." ORS 811.725(5). A

---

[2] ORS 811.725(1)(a) provides, in part:

"The driver of a vehicle commits the offense of driver failure to report an accident if the driver [while driving] is involved in an accident required to be reported under ORS 811.720 and does not, within 72 hours of the accident, complete a report of the accident in a form approved by the Department of Transportation and submit the report to the department."

In turn, ORS 811.720 provides, in part:

"(1) Except as provided in subsection (4) of this section, any accident occurring on a highway or upon premises open to the public resulting in injury or death to any person is subject to the reporting requirements under [ORS 811.725.]"

traffic violation is "punishable by a fine [and] not punishable by a term of imprisonment." ORS 801.557. And, as noted, ORS 811.725, which lies outside the criminal code, does not expressly require proof of a culpable mental state. We therefore must reject petitioner's reading of ORS 811.725 to include an implied element of proof of her knowledge of another person's injury as a result of the accident. It follows that, upon petitioner's failure to file an accident report, DMV was permitted to suspend her driving privileges under ORS 809.417(1)(a).

Affirmed.