Argued and submitted June 20, decision of Court of Appeals affirmed in part
and reversed in part; judgment of trial court affirmed November 8, 2007

STATE OF OREGON,
*Petitioner on Review,*

*v.*

CARL CORTEZ RUTLEY,
*Respondent on Review.*

(CC 020130039; CA A120670; SC S53096)

171 P3d 361

Brendan C. Dunn, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Rebecca Duncan, Deputy Public Defender, Salem, argued the cause for respondent on review. With her on the brief was Peter Gartlan, Chief Defender.

Before, De Muniz, Chief Justice, and Gillette, Durham, Balmer, Kistler, and Walters, Justices.**

** Linder, J., did not participate in the consideration or decision of this case.

DE MUNIZ, C. J.

## DE MUNIZ, C. J.

Defendant was convicted of violating ORS 475.999 (1999),[1] which made it unlawful to deliver certain controlled substances "within 1,000 feet of the real property comprising a public or private elementary, secondary or career school attended primarily by minors." The issue in this case is whether that statute required defendant to *know* that the delivery took place within 1,000 feet of a school. The trial court concluded that the state did not need to prove defendant's knowledge of the distance from a school. The Court of Appeals disagreed, holding that, in order to convict defendant, "the jury had to find that [defendant] knew he was within 1,000 feet of a school." *State v. Rutley,* 202 Or App 639, 648, 123 P3d 334 (2005). This court allowed the state's petition for review and now concludes that ORS 475.999 (1999) did not require the state to prove that defendant acted with that mental state when he made the drug delivery within 1,000 feet of the school. We reverse in part the decision of the Court of Appeals and affirm the judgment of the trial court.

The relevant facts are simple and, for purposes of the issue presented here, undisputed. On November 14, 2001, defendant aided and abetted another person in selling cocaine to an informant working with an undercover police officer. The sale occurred within 1,000 feet of a school. As a result, defendant was charged with delivery of a Schedule II controlled substance, and separately charged with the offense defined in ORS 475.999 (1999), delivery of a controlled substance within 1,000 feet of a school. As to the

---

[1] That statute was renumbered as ORS 475.904 in 2005. Because the events at issue here took place in late 2001, we refer to the version of ORS 475.999 printed in the 1999 Oregon Revised Statutes. ORS 475.999 (1999) has since been amended by Or Laws 2005, ch 22, § 349, and Or Laws 2005, ch 708, § 41.

We should add that there has been a third amendment to ORS 475.999 (1999), one not found in the amendment history printed in the 2001 Oregon Revised Statutes and later. In 2001, the legislature provided that ORS 475.999 was made "part of ORS 475.940 to 475.995." Or Laws 2001, ch 870, § 20. At least three statutes that had previously referred to "ORS 475.940 to 475.995" were changed to read "ORS 475.940 to 475.999": ORS 475.275, ORS 475.285, and ORS 475.999(1). However, the amendment histories for ORS 475.275, ORS 475.285, and ORS 475.999, as printed in the Oregon Revised Statutes, do not identify the 2001 legislation. The legislature or legislative counsel may wish to take some corrective action.

offense defined in ORS 475.999 (1999), the indictment alleged that defendant "did unlawfully, intentionally and knowingly deliver COCAINE, a Schedule II controlled substance[,] for consideration, within 1,000 feet of the real property comprising MCCOY ACADEMY, a public or private elementary, vocational, or secondary school attended primarily by minors * * *."

At trial, the state presented testimony that it is 683.1 feet from the location where the drug delivery took place to McCoy Academy. The state also presented testimony that McCoy Academy had 46 students at the time, 90% of whom were minors, attending ninth through twelfth grades.

Defendant subsequently moved the trial court for a judgment of acquittal, asserting that ORS 475.999 (1999) required that the state prove beyond a reasonable doubt not only that the drug delivery had occurred within 1,000 feet of a school, but also that defendant *knew* that the drug delivery was occurring within 1,000 feet of a school. Defendant argued that, because the state failed to offer evidence proving that he knew he was within 1,000 feet of the school when he participated in the drug delivery, he was entitled to a judgment of acquittal on that charge. The trial court rejected that argument.

Relatedly, defendant requested that the jury be instructed that the elements of that crime included the requirement that defendant "knew that the delivery occurred within 1,000 feet of real property comprising a public or private elementary school that was attended primarily by minors." Because the trial court had already rejected defendant's claim that the statute required knowledge, defendant conceded that that part of the requested jury instruction should be removed.

A jury found defendant guilty of both the described charges—of delivering a controlled substance, and of delivering a controlled substance within 1,000 feet of a school.

On appeal, the Court of Appeals reversed and remanded for a new trial on the one conviction that defendant had put at issue before it—defendant's conviction under ORS 475.999 (1999) for delivery of a controlled substance

within 1,000 feet of a school. *Rutley*, 202 Or App at 648.[2] The court began by noting that the text of ORS 475.999 (1999) did not refer to any particular culpable mental state. 202 Or App at 641. However, the court further noted that ORS 161.115(2) generally requires a culpable mental state even if the statute creating a particular crime does not specifically provide one, and that ORS 161.095(2) requires that a defendant must have had a culpable mental state " 'with respect to each material element of the offense that necessarily requires a culpable mental state.' " 202 Or App at 641-42 (quoting statute). The Court of Appeals then reviewed the case law regarding when a culpable mental state was required for a particular element of a crime. 202 Or App at 643-47 (identifying three different lines of cases).

From its most recent cases, the court ultimately identified two principles regarding when a culpable mental state must be proved. First, the Court of Appeals concluded that, whenever a criminal statute includes the culpable mental state of "knowingly," the state must prove that mental state for all statutory elements that describe either conduct or circumstances. *Id.* at 645-46. Second, the Court of Appeals concluded that, whenever an indictment specifies the culpable mental state of "knowingly," the state also must prove that mental state for all statutory elements that describe either conduct or circumstances. *Id.* at 646-47. Because the indictment here charged defendant with "knowingly" delivering a controlled substance within 1,000 feet of a school, and because the distance from the school was "either part of the charged act or one of its attendant circumstances," the Court of Appeals concluded that the state had to prove defendant's knowledge of the distance from the school. *Id.* at 647. The Court of Appeals concluded that the trial court did not err in denying defendant's motion for judgment of acquittal, because, in the court's view, the state had introduced enough circumstantial evidence to make the state of defendant's knowledge a jury question. *Id.* at 647. However, the court concluded that the jury should have been instructed regarding the knowledge element. *Id.* at 647-48. Based on that

---

[2] The Court of Appeals did not address defendant's other, more general conviction for delivery of a Schedule II controlled substance, because defendant had raised no issues regarding that conviction.

analysis, the Court of Appeals reversed and remanded for a new trial. *Id.* at 648. As noted previously, we allowed the state's petition for review.

Before we turn to the issues relating to defendant's conviction under ORS 475.999 (1999) for delivery of a controlled substance within 1,000 feet of a school, we note again that defendant was also convicted of a second count, delivery of a Schedule II controlled substance. Defendant does not challenge his conviction on that second count. We therefore affirm without further discussion that part of the trial court's judgment.

We begin our analysis by summarizing Oregon law generally with regard to the mental state requirements for crimes. In Oregon, criminal liability generally requires an act that is combined with a particular mental state.[3] The act (or failure to act) must be voluntary, ORS 161.095(1), and it must be made "with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state," ORS 161.095(2). This court has noted that "the qualifying phrase 'that necessarily requires a culpable mental state' * * * introduces a confusing appearance of circularity in the text." *State v. Blanton*, 284 Or 591, 595, 588 P2d 28 (1978).[4]

Oregon statutory law defines four different "culpable mental states": intentionally, knowingly, recklessly, and criminally negligent. *See* ORS 161.085(6) (defining the term "culpable mental state").[5] Those culpable mental states do

---

[3] The requirement of both an act and a culpable mental state for criminal liability is not new. *See, e.g.*, William Blackstone, 4 *Commentaries on the Laws of England* *21 (1769) ("[T]o constitute a crime against human laws, there must be first, a vicious will; and, secondly, an unlawful act consequent upon such vicious will." (Spelling regularized.)).

[4] The Court of Appeals was more direct, describing the phrase as "gibberish." *Rutley*, 202 Or App at 643. Nevertheless, the phrase is part of the statutory text.

[5] ORS 161.085 defines the four mental states as follows:

"(7) 'Intentionally' or 'with intent,' when used with respect to a result or to conduct described by a statute defining an offense, means that a person acts with a conscious objective to cause the result or to engage in the conduct so described.

"(8) 'Knowingly' or 'with knowledge,' when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists.

not exist in isolation—instead, they relate to the elements contained in the definition of the crime.

With that overview in mind, we turn to the statute at issue here, ORS 475.999 (1999), which provided, in part:

"Except as authorized by ORS 475.005 to 475.285 and 475.940 to 475.995, it is unlawful for any person to:

"(1)   Manufacture or deliver a schedule I, II or III controlled substance within 1,000 feet of the real property comprising a public or private elementary, secondary or career school attended primarily by minors.

"(a)   Unlawful manufacture or delivery of a controlled substance within 1,000 feet of a school is a Class A felony."

The text of ORS 475.999 (1999) did not identify any required culpable mental state. However, ORS 475.999 (1999) is not the only pertinent source of law. Although ORS 475.999 (1999) is not a part of the Oregon Criminal Code,[6] the Code nevertheless "govern[s] the construction of" offenses defined outside the original Code of 1971. ORS 161.035 (2).[7] As relevant here, one provision of the Code states:

"Except as provided in ORS 161.105, if a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence."

---

"(9) 'Recklessly,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. * * *

"(10) 'Criminal negligence' or 'criminally negligent,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. * * *"

[6] *See* ORS 161.005 (listing sections that comprise the Oregon Criminal Code).

[7] ORS 161.035(2) provides, in part:

"Except as otherwise expressly provided, or unless the context requires otherwise, the provisions of chapter 743, Oregon Laws 1971, shall govern the construction of and punishment for any offense defined outside chapter 743, Oregon Laws 1971, and committed after January 1, 1972, as well as the construction and application of any defense to a prosecution for such an offense."

ORS 161.115(2).[8] On the other hand, ORS 161.105(1)(b) states:

"Notwithstanding ORS 161.095, a culpable mental state is not required if:

"* * * * *

"(b)   An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof."

In summary, with regard to statutes like ORS 475.999 (1999), in which the statutory definition does not include an identified culpable mental state, the statutes we have identified—ORS 161.095, ORS 161.105, and ORS 161.115—are pertinent to the determination whether a mental state nonetheless must attach to an offense or a material element of an offense.

Because ORS 475.999 (1999) is an offense defined by a statute outside the Oregon Criminal Code, we begin by determining in accordance with ORS 161.105(1)(b) whether the legislature has "clearly indicate[d]" an "intent to dispense" with a culpable mental state with regard to the material element at issue—delivery within 1,000 feet of a school.

In past cases we have observed that the legislature has not expressed what methodology or criteria this court should use in determining whether a statutory definition "clearly indicates a legislative intent to dispense with any culpable mental state requirement." *See State v. Miller*, 309 Or 362, 366, 788 P2d 974 (1990) (legislature has not provided criteria concerning what constitutes a clear indication of legislative intent). In the absence of that legislative direction, this court has stated that statutory silence alone is not a sufficiently clear indication of legislative intent to dispense with a culpable mental state, and this court has attempted to determine the legislature's intent by examining the offense or element of the offense and a variety of indirect indicators to determine whether the legislature would have had an

---

[8] The statutory directive to imply a culpable mental state is consistent with one of the declared purposes of the Oregon Criminal Code—to "limit the condemnation of conduct as criminal when it is without fault." ORS 161.025(1)(d).

obvious reason or reasons to omit a culpable mental state. *See State v. Cho*, 297 Or 195, 201, 681 P2d 1152 (1984) ("The mere enactment of a crime without an expressly required culpable mental state is insufficient to establish such a clear indication."); *Miller*, 309 Or at 369 (for driving under the influence of intoxicants, nature of element—having blood alcohol content of .08% or more—indicates no mental state required); *State v. Buttrey*, 293 Or 575, 582-85, 651 P2d 1075 (1982) (statutory context and legislative history indicate no mental state required for driving while suspended). We employ that same kind of analysis here.

Beginning with the text, we conclude that the statute evidences a clear legislative intent to give drug dealers a reason to locate the 1,000-foot school boundary and stay outside it—by punishing the failure to do so as the most serious of crimes, a Class A felony. *Cf.* Oliver Wendell Holmes, Jr., *The Common Law* 46 (1881) ("The law threatens certain pains if you do certain things, intending thereby to give you a new motive for not doing them."). The statutory text leaves no doubt that the legislature intended to protect children from drug use and the violence and other negative influences that accompany drug delivery. Children are exposed to those negative influences when drugs are delivered near schools, regardless of whether the dealers know they are within 1,000 feet of a school. In our view, requiring a knowing mental state with regard to the distance element would work against the obvious legislative purpose, in that it would create an incentive for drug dealers *not* to identify schools, and *not* to take into consideration their distance from them in engaging in their illegal activity.

Furthermore, the statute at issue here required that the 1,000-foot distance be measured from "the real property comprising a public or private elementary, secondary or career school attended primarily by minors." ORS 475.999(1) (1999). In that phrase, the 1,000-foot distance is not logically or grammatically separated from the other school-related requirements. Defendant's argument, if it applies to the 1,000-foot element, applies equally to all. Attaching a culpable mental state of "knowingly" to each of those requirements—a result that defendant's argument would require—would enable a defendant to defeat the charge by virtue of the

state's inability to prove affirmatively defendant's knowledge of the existence of the school, of the nature of the school, or of the composition of the student body. We have no hesitation in concluding that the likelihood that the legislature intended to require the state to prove a defendant's culpable mental state as to that collectivity of school-related requirements is virtually nonexistent.

In the face of the foregoing logical exposition, defendant has not argued that any other source of law—statutory or constitutional—nonetheless requires that a mental state attach to the 1,000-foot distance element, and we know of none. Based on the legislature's obvious intent to protect children from predatory drug dealers by enhancing the penalty for delivery in the vicinity of a school, the grammatical structure of the statute's text, and the nature of the element (no mental state is logically required for a distance element), we conclude that the legislature's omission of a mental state was purposeful with regard to the 1,000 foot distance element. In accordance with ORS 161.105(1)(b), we hold that, in defining the offense, the legislature has "clearly indicate[d] an intent to dispense with [a] culpable mental state" as to the 1,000-foot distance element.

However, our determination regarding the legislature's intent in defining the elements of ORS 475.999 (1999) answers only the first of defendant's arguments. Defendant also argues, and the Court of Appeals agreed, that the state had specifically pleaded that defendant acted "knowingly" as to the distance from a school, and therefore, the state was required to prove that culpable mental state. 202 Or App at 647. We disagree because, in our view, that reads too much into the indictment. Here, the indictment alleged that defendant "did unlawfully, intentionally and knowingly deliver COCAINE, a Schedule II controlled substance[,] for consideration, within 1,000 feet of the real property comprising MCCOY ACADEMY, a public or private elementary, vocational, or secondary school attended primarily by minors[.]" The use of "knowingly" in that sentence is ambiguous. Grammatically, it cannot be determined whether "knowingly" only modifies "deliver COCAINE," or modifies "deliver COCAINE * * * for consideration," or modifies "deliver COCAINE, * * * for consideration, within 1,000 feet" of a school. At the least,

it must be said that the ambiguous statement in the indictment did not commit the state to prove what the statute did not require—that defendant knew that the transaction took place within 1,000 feet of a school. The contrary conclusion of the Court of Appeals was erroneous.[9]

We conclude that the trial court correctly denied defendant's motion for judgment of acquittal and defendant's proposed jury instruction.[10] The Court of Appeals reached the correct result in affirming the order denying the motion for judgment of acquittal. However, the Court of Appeals erred when it concluded that defendant was entitled to have the jury instructed that the state was required to prove that he knew he was within 1,000 feet of a school when he delivered the drugs.

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the trial court is affirmed.

---

[9] Our disposition of the issue should not be read as accepting the Court of Appeals' proposition that the state may be bound by the words of an indictment to prove a particular mental state respecting an offense, even if the legislature did not intend to require such proof.

[10] Effective January 1, 2002, ORS 475.999 was "added to and made a part of" Oregon's Uniform Controlled Substances Act. Or Laws 2001, ch 870, § 20 (making ORS 475.999 "part of ORS 475.940 to 475.995"); *id.* at § 33 (effective date); *see* ORS 475.285 (1999) ("ORS * * * 475.940 to 475.995 may be cited as the Uniform Controlled Substances Act."). As part of the Uniform Controlled Substances Act, the legislature has directed that it should be "so applied and construed as to effectuate its general purpose to make uniform the law * * * among those states which enact similar laws." ORS 475.275 (1999). We offer no opinion on how—if at all—the 2001 amendment may have affected the culpable mental state requirement of the statute.