Argued and submitted October 6, 2010, affirmed February 15, 2012

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**LUIS JIMENEZ-CORREO,**
aka Luis Dorantes-Lopez,
aka Maximinio Correo-Luna,
*Defendant-Appellant.*

Lincoln County Circuit Court
024751; A140477

273 P3d 232

Michael Breiling argued the cause for appellant. With him on the brief was Breiling & Davis.

Karla L. Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

ORTEGA, P. J.

## ORTEGA, P. J.

Following a jury trial, defendant was convicted of, among other offenses, three counts of delivering marijuana to a minor, *former* ORS 475.995 (2001), *renumbered as* ORS 475.906 (2005).[1] On appeal, he contends that the trial court erred in refusing to give his requested jury instruction providing that the state was required to prove that defendant had knowledge that the persons to whom he had delivered marijuana were under 18 years of age. We conclude that, under *former* ORS 475.995, a culpable mental state requirement does not extend to the element of the recipient's age, and, therefore, the trial court correctly denied defendant's requested jury instruction, and accordingly, we affirm.

The pertinent facts are procedural and undisputed. Defendant provided marijuana to three people who were under the age of 18. Defendant requested that the jury be instructed as follows:

"A person acts 'knowingly' or 'with knowledge' when that person acts with an awareness that a particular circumstance exists.

"In this case, with respect to Count [2/3/4] (delivery of a controlled substance to a minor), the state must prove beyond a reasonable doubt that the defendant acted with an awareness that [JG/MS/MB] was a person under the age of 18 years."

The trial court rejected the second paragraph of defendant's requested jury instruction, relying primarily on the Supreme Court's decision in *State v. Rutley*, 343 Or 368, 171 P3d 361 (2007), which involved a related offense, the unlawful delivery of controlled substances within 1,000 feet of a school. *Rutley* arose under *former* ORS 475.999 (1999), *renumbered as* ORS 475.904 (2005). The principal issue in *Rutley* was whether *former* ORS 475.999 required a defendant to know that he was within 1,000 feet of a school when he delivered a controlled substance. *Id.* at 370. The court concluded that the legislature clearly intended to dispense with the culpable

---

[1] Because the events at issue in this case took place in May 2002, we refer to the former 2001 version of ORS 475.995 unless otherwise noted.

mental state requirement with respect to the distance element based on three factors: "[t]he legislature's obvious intent to protect children from predatory drug dealers by enhancing the penalty for delivery in the vicinity of a school, the grammatical structure of the statute's text, and the nature of the element (no mental state is logically required for a distance element)[.]" *Id.* at 377.

Here, the trial court found no principled distinction between the distance element in *former* ORS 475.999 and the recipient-age element in *former* ORS 475.995. Accordingly, the court concluded that a culpable mental state requirement does not extend to the recipient-age element under *former* ORS 475.995.[2] Defendant was convicted of, among other offenses, three counts of delivering marijuana to a minor.

On appeal, defendant contends that the trial court erred in refusing to give his requested jury instruction. He argues that *State v. Blanton*, 284 Or 591, 588 P2d 28 (1978), in which the Supreme Court held that the state was required to prove that the defendant, in a case involving delivery of controlled substances, knew the recipient was a minor, under *former* ORS 167.207 (1975), *repealed by* Or Laws 1977, ch 745, § 54, is still good law. According to defendant, although the statute has been renumbered since *Blanton*, "the operative language of the relevant statute has not changed," and the Supreme Court in *Rutley* "did not disavow that ruling nor otherwise disturb its holding."

The state responds that defendant "overlooks a crucial change in the text" of the statute at issue since *Blanton* was decided. According to the state, the statute at issue in

---

[2] The trial court provided the following jury instructions for Counts 2, 3, and 4:

"Oregon law provides that a person commits the crime of [u]nlawful [d]elivery of a [c]ontrolled [s]ubstance to [m]inors if the person delivers a controlled substance to any person under the age of 18. In this case, to establish the crime of [u]nlawful [d]elivery of a [c]ontrolled [s]ubstance to [m]inors, the state must prove beyond a reasonable doubt the following elements. * * * Third, that [defendant] * * * unlawfully and knowingly delivered a controlled substance to [JG/MS/MB]. Fourth, * * * that the recipient of a controlled substance was under the age of 18 and at least three years younger than the defendant. And finally, that the substance delivered was marijuana[,] a controlled substance."

*Blanton, former* ORS 167.207, included the word "knowingly," but when that statute was amended, the word "knowingly" was not included in the text of the statute, and therefore, *Blanton* is inapplicable. Rather, the state argues, *Rutley* provides the strongest guidance because "the two statutes and their purposes are closely related[.]"

We review a trial court's refusal to provide a requested jury instruction for errors of law. *State v. Branch*, 208 Or App 286, 288, 144 P3d 1010 (2006). "If a proffered instruction is refused * * * there is no error if the instruction is not a correct statement of the law." *State v. Barnes*, 329 Or 327, 334, 986 P2d 1160 (1999). Here, we examine whether defendant's requested jury instruction, providing that a defendant must have *knowledge* that the persons to whom he delivered marijuana were under 18 years of age, is a correct statement of law under *former* ORS 475.995. That statute provides, in part:

"Except as authorized by ORS 475.005 to 475.285 and 475.940 to 475.999, it is unlawful for any person to deliver a controlled substance to a person under 18 years of age. Any person who violates this section with respect to:

"* * * * *

"(2)   A controlled substance in Schedule III, is guilty of a Class B felony.

"* * * * *

"(5)   * * * [D]elivery of marijuana to a minor is a Class A felony if:

"(a)   The defendant is 18 years of age or over; and

"(b)   The conviction is for delivery of marijuana to a person under 18 years of age who is at least three years younger than the defendant."

As indicated above, *former* ORS 475.995 does not specify any culpable mental state. Generally, "a person is not guilty of an offense unless the person acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state." ORS 161.095(2). ORS 161.105(1)(b), however, provides an exception to that rule. That statute provides:

"Notwithstanding ORS 161.095, a culpable mental state is not required if:

"* * * * *

"(b)   An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof."

Here, the offense at issue, delivery of marijuana to a minor, is defined by *former* ORS 475.995, a statute outside the Oregon Criminal Code. *See* ORS 161.005 (providing a particular list of statutes that "shall be known and may be cited as Oregon Criminal Code of 1971"). Our task, then, is to determine whether, under ORS 161.105(1)(b), the offense of delivering marijuana to a minor clearly indicates a legislative intent to dispense with the mental state requirement with respect to the recipient-age element of that offense.

Recently, in *State v. Rainoldi*, 351 Or 486, 268 P3d 568 (2011), the Supreme Court addressed the proper method of analysis of the extent to which an offense not within the Oregon Criminal Code requires proof of a culpable mental state as to a particular element. The court explained that, because "the legislature has provided no guidance about how we should determine whether an offense 'clearly indicates' such legislative intent," it has identified four relevant factors in applying the ORS 161.105(1)(b) exception: (1) the text of the statute; (2) the nature of the element at issue; (3) the legislative history of the statute; and (4) the purpose of the statute. *Id.* at 492-95. The court noted, however, that "the list is not exhaustive; other factors may be relevant, depending on the circumstances." *Id.* at 492. We address each of those factors here.

We begin with the text of the statute. Generally, " 'statutory silence alone is not a sufficiently clear indication of legislative intent to dispense with a culpable mental state.' " *Id.* at 492 (quoting *Rutley*, 343 Or at 375). However, in some instances, it is "at least significant evidence of an intention to dispense with a culpable mental state." *Id.* at 492-93. Further, statutory silence is significant where a statute "has existed for many years * * * without referring to a culpable mental state." *Id.* at 496; *see, e.g., State v. Miller*, 309

Or 362, 788 P2d 974 (1990) (stating the same principle). As discussed below, *former* ORS 475.995 has been silent as to a culpable mental state since its enactment in 1977.

Additionally, in examining the text of the statute, "the overall structure of the law of which it is a part * * * [is] an important consideration under ORS 161.105(1)(b)." *Rainoldi*, 351 Or at 493. In *Rainoldi*, for example, when the court examined the offense of felon in possession of a firearm, it also examined a related statute, ORS 166.425(1), which defines the offense of unlawful purchase of firearms. The court explained that

> "that statute textually provides that, to commit that offense, the defendant must purchase a firearm '*knowing* that the person is prohibited' from owning or possessing it. ORS 166.425(1). The fact that the legislature did not include a similar requirement in ORS 166.270, at the very least, gives rise to an inference that the omission was purposive. *See State v. Bailey*, 346 Or 551, 562, 213 P3d 1240 (2009) ('Generally, when the legislature includes an express provision in one statute and omits the provision from another related statute, we assume that the omission was deliberate.')."

*Id.* at 496-97 (emphasis in original).

Here, the overall structure of the law of which *former* ORS 475.995 is a part includes a number of related statutes that expressly state a culpable mental state requirement and were a part of the same bill (Senate Bill 904), which was enacted in 1977. Or Laws 1977, ch 745. For example, *former* ORS 475.994(1)(a) (2001), *renumbered as* ORS 475.916(1)(a) (2005), provided: "It is unlawful for any person *knowingly or intentionally* * * * [t]o deliver as a registrant a controlled substance classified in Schedule I or II, except pursuant to an order form as required by ORS 475.175[.]" (Emphasis added.) Another statute, *former* ORS 475.992(4) (2001), *renumbered as* ORS 475.840(3) (2005), provided: "It is unlawful for any person *knowingly or intentionally* to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of

a practitioner while acting in the course of professional practice * * *[.]" (Emphasis added.) Here, as in *Rainoldi*, the legislature's inclusion of "knowingly or intentionally" within related statutes and the omission of such language within the statute at issue suggest that the omission was deliberate.

We next consider the nature of the element at issue. In *Rainoldi*, the court noted that

> "there is a difference, in terms of whether a culpable mental state must be proved, between elements of an offense that pertain to the conduct of the defendant and those that pertain either to the status of the defendant who engages in that conduct or to an 'attendant circumstance' to the commission of the offense. The former type of element is generally regarded as the type that requires proof of a culpable mental state, while the latter is not."

351 Or at 493-94.

Here, the recipient age element pertains to an "attendant circumstance" to the commission of the offense. However, classifying the element in that way in this case does not evince a clear legislative intent regarding culpable intent one way or another. Indeed, we have concluded that with regard to some statutes, an age element does require proof of a culpable mental state, and in other statutes, it does not. *See, e.g., State v. Dixon*, 191 Or App 503, 83 P3d 385 (2004) (concluding that the statute defining the offense of endangering the welfare of a minor requires that a defendant knowingly permit a minor to enter or remain in a place where there is unlawful drug activity). *Compare State v. McCathern*, 211 Or App 171, 154 P3d 130, *rev den*, 343 Or 186 (2007) (concluding that the offense of furnishing alcohol to a minor does not require that a defendant have knowledge that the recipient is a minor).

We turn to the legislative history of *former* ORS 475.995. As noted, prior to the enactment of *former* ORS 475.995, the offense of delivery of controlled substances to a minor was defined by *former* ORS 167.207, which provided, in part:

"(1) A person commits the offense of criminal activity in drugs if he *knowingly* and unlawfully manufactures, cultivates, transports, possesses, furnishes, prescribes, administers, dispenses or compounds a narcotic or dangerous drug.

"(2) Except as provided in subsections (3) and (4) of this section, criminal activity in drugs is a Class B felony, or the court may, under the criteria set forth in ORS 161.705, enter judgment for a Class A misdemeanor and impose sentence accordingly.

"* * * * *

"(4) Notwithstanding subsection (2) of this section, if the defendant is 18 years of age or over and the conviction is for furnishing a narcotic or dangerous drug to a person under 18 years of age and who is at least three years younger than the defendant, criminal activity in drugs is a Class A felony."

(Emphasis added.)[3] In 1977, however, the legislature repealed *former* ORS 167.207, Or Laws 1977, ch 745, § 54, and moved the offense outside the Criminal Code when it enacted ORS 475.995 as part of the Uniform Controlled Substances Act (UCSA). Or Laws 1977, ch 745, § 20. Notably, when the offense at issue was transferred to the UCSA, the text of *former* ORS 167.207(4) was adopted generally; however, the text of *former* ORS 167.207(1) ("knowingly") was *not* adopted by the UCSA.

At a June 30, 1977, work session of the House Judiciary Committee on Senate Bill SB 904 (1977), the committee members discussed extensively the language of *former* ORS 167.207. Tape Recording, House Committee on Judiciary, SB

---

[3] In *Blanton*, the Supreme Court concluded that a culpable mental state requirement extends to the element of the recipient's age under *former* ORS 167.207. The court applied ORS 161.095(2) ("[A] person is not guilty of an offense unless he acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state.") and ORS 161.115(1) ("If a statute defining an offense prescribes a culpable mental state but does not specify the element to which it applies, the prescribed culpable mental state applies to each material element of the offense that necessarily requires a culpable mental state") and concluded that "knowingly" under ORS 167.207(1) applies to each material element of the offense of delivery of marijuana to a minor, including the age of the recipient. *Id.* at 594-95.

904, June 30, 1977, Tape 81, Side 2. In particular, the legislators focused on the varying severity of the crimes and acknowledged that the penalty was higher in cases involving minors. Throughout the work session, a committee member expressed repeatedly that he intended "no change in existing law" and that he would agree to a proposed amendment to the bill only if it reflected the law that existed at that time. Tape Recording, House Committee on Judiciary, SB 904, June 30, 1977, Tape 81, Side 2 (statement of Rep Kip Lombard). Ultimately, the committee members agreed that the proposed amendments to SB 904 would retain the then-existing language governing delivery to a minor, and the bill was moved with a "do pass as amended" recommendation. Minutes, House Committee on Judiciary, June 30 1977, 180.

That history demonstrates that the legislature was well aware of the applicable law that existed at that time— namely, the severity of the offense of delivering a controlled substance to a minor, and the culpable mental state requirement provided by *former* ORS 167.207(1). However, it is not clear whether the single legislator's statements regarding consistency with existing law refer to the "knowingly" language or to the severity of the crimes. In all events, SB 904 passed, and it did *not* include the "knowingly" language from the prior statute—and since then, the statute has been silent as to any culpable mental state requirement. Ultimately, notwithstanding one legislator's ambiguous statement regarding his own intentions, the legislative history strongly indicates an intention that a culpable mental state should not apply to the element at issue. We decline to insert the language that the legislature failed to adopt. *See* ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted[.]").

Finally, we consider the purpose of the statute. As the Supreme Court explained in *Rainoldi*, "[i]f requiring proof of such a mental state could frustrate the obvious purpose of the statute * * * it is highly unlikely that the legislature intended to require that proof." 351 Or at 495. As previously noted, in *Rutley*, the issue was whether a similar statute, *former* ORS 475.999, required a defendant to know

that, when he delivered a controlled substance, he was within 1,000 feet of a school. 343 Or at 370. In concluding that the legislature clearly intended to dispense with the culpable mental state requirement with respect to the distance element, the court focused primarily on the purpose of the statute:

> "Beginning with the text, we conclude that the statute evidences a clear legislative intent to give drug dealers a reason to locate the 1,000-foot school boundary and stay outside it—by punishing the failure to do so as the most serious of crimes, a Class A felony. The statutory text leaves no doubt that the legislature intended to protect children from drug use and the violence and other negative influences that accompany drug delivery. Children are exposed to those negative influences when drugs are delivered near schools, regardless of whether the dealers know they are within 1,000 feet of a school. In our view, requiring a knowing mental state with regard to the distance element would work against the obvious legislative purpose, in that it would create an incentive for drug dealers *not* to identify schools, and *not* to take into consideration their distance from them in engaging in their illegal activity."

*Id.* at 376 (citations omitted; emphasis in original).

Similarly, here, by making delivery of marijuana to a minor a more serious crime,[4] the legislature clearly intended to address the need to protect children from drug use. Defendant's proposed construction of the statute would have the opposite effect in that it would create an incentive for the deliverer of marijuana to simply remain ignorant as to the age of the recipient.

In short, the usual indicators relevant to a determination under ORS 161.105(1)(b) indicate the legislature's clear intent to dispense with a culpable mental state requirement as to the recipient age element and, accordingly, the

---

[4] Delivery of marijuana to a minor is a Class B felony and a Class A felony when the recipient is a minor and at least three years younger than the defendant. *Former* ORS 475.995. At the time of the events at issue, delivery of marijuana not involving a minor recipient was a Class A misdemeanor, *former* ORS 475.992(1)(c) (2001), *renumbered as* ORS 475.840(1)(c) (2005).

trial court correctly denied defendant's requested jury instruction.

Affirmed.